UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE NARGIZ,<br><br>        Plaintiff,<br><br>    vs.<br><br>STUART SHERMAN, et al.,<br><br>        Defendants. | 1:19-cv-01173-AWI-GSA-PC<br><br>**ORDER GRANTING DEFENDANTS' REQUEST FOR STAY**<br>**(ECF No. 30.)**<br><br>**ORDER STAYING ALL PROCEEDINGS IN THIS ACTION PENDING CONCLUSION OF MAY 5, 2022 SETTLEMENT CONFERENCE** |

**I.      BACKGROUND**

Kyle Nargiz ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on October 1, 2020 against Defendants Stuart Sherman and Richard Milan ("Defendants") on Plaintiff's claim for adverse conditions of confinement under the Eighth Amendment.[1]  (ECF No. 13.)

On January 11, 2022, the court issued an order scheduling a settlement conference for this case before Magistrate Judge Erica P. Grosjean to be conducted on May 5, 2022, at 1:00pm. (ECF No. 29.)

---

[1] On April 2, 2021, the court issued an order dismissing all other claims from this case, based on Plaintiff's failure to state a claim.  (ECF No. 15.)

1

On January 12, 2022, Defendants filed a request to stay the proceedings in this action pending the settlement conference.  (ECF No. 30.)

## II.     MOTION TO STAY

The court has inherent authority to manage the cases before it.  Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance."); *accord* Lockyear v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) ("the competing interests which will be affected by the granting or refusal to grant a stay must be weighed").  Stays of proceeding in federal court . . . are committed to the discretion of the trial court.  See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987).

Defendants request a temporary stay of the proceedings in this action until the May 5, 2022, settlement conference has concluded to allow the parties to engage in meaningful settlement negotiations.  Defendants argue that a stay of this matter will provide economy of time and effort for the Court and for the parties to this action because if early settlement negotiations prove successful, there will be no need for the filing of dispositive motions, engaging in depositions and written discovery, and potentially related motions, or for trial.  Defendants therefore request that the Court stay this matter, vacate the current Discovery and Scheduling Order, and reissue an amended scheduling order should the parties fail to settle this matter at the May 5, 2022 settlement conference.

The court does not lightly stay litigation due to the possibility of prejudice.  However, Defendants have shown good cause for a stay of the proceeding in this action until after the May 5, 2022, settlement conference.  Therefore, the court shall grant the request to stay this action until after the conclusion of the settlement conference along with vacating the deadlines in the current Discovery and Scheduling Order.  If the settlement is not successful the court shall issue a new scheduling Order.

## III.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request for stay, filed on January 12, 2022, is GRANTED;
2. All proceedings in this action are STAYED until after the conclusion of the settlement conference scheduled for May 5, 2022;
3. The deadlines in the Discovery and Scheduling Order issued on December 26, 2021, are VACATED; and
4. If the settlement is not successful, the court shall issue a new scheduling order.

IT IS SO ORDERED.

Dated:  **January 13, 2022**                         **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE